BROS, Incorporated

v.

**W. E. GRACE MANUFACTURING COMPANY, and W. E. Grace, Individually.**

Civ. No. 7608.

United States District Court
N. D. Texas,
Dallas Division.

Feb. 10, 1958.

Andrew E. Carlsen and Douglas L. Carlsen, Minneapolis, Minn., and Schley & Schley, Dallas, Tex., for plaintiff.

Howard E. Moore, S. Austin Wier, Dallas, Tex., for defendants.

ATWELL, District Judge.

This is an application for a summary judgment. The pleading and facts dis-

close that the plaintiff filed a similar suit in Cleveland, Ohio, sometime prior to the filing of this suit in this state and court. The Ohio suit was between the same parties. The attorneys for the plaintiff were the same there who are the attorneys for the plaintiff here, and the record discloses that some of the attorneys in the case here today, took part in the trial of that case, with the exception that the parties here were represented there by counsel in that case and were not adversary parties.

The Ohio Federal Court rendered a final decision which has been appealed, but no supersedeas has been filed or granted. This, therefore, comes upon the thought and disclosure that the parties who are interested in this suit were present and took part in the consideration and adjudication of that suit.

This motion for summary judgment seems to comply with the requirements of the rule with reference to summary judgment where there is no fact open. The Circuit Court of Appeals for this circuit has so determined, Creel v. Lone Star Defense Corp., 5 Cir., 171 F.2d 964, and, of course, we know that is based upon the rule with reference to summary judgments.

The patent in controversy was issued on September 16, 1952, for a Pneumatic Roller Compactor, and contains four claims, all of which are charged to be infringed by machines manufactured and sold by the defendants known as Grace 50-Ton Top Soil Compaction Rollers, and otherwise identified as models WR, WLTH, and WI8R. Defendants admit that the plaintiff owns the patent in suit.

In the Cleveland suit, the defendant was the Gibson-Stewart Company, Ind., and it was a distributor for the corporate defendant here, and the accused machines were the Grace 50-Ton Top Soil Compaction Rollers, manufactured by the defendants here.

The Cleveland suit was fully tried on November 25th and 26th, 1957, before Judge Paul Jones, and following the submission of arguments, the court rendered its opinion, holding all four claims of the patent valid and infringed. Formal judgment followed, granting a permanent injunction and awarding damages and costs. A notice of appeal has been filed but no supersedeas has been applied for or granted. Fed.Rules Civ.Proc. Rule 62, 28 U.S.C.A. Therefore, no stay of proceeding has been ordered.

The entire defense in the Cleveland case was openly and avowedly conducted by the present defendants. The present defendants paid all defense expenses, retained its own counsel, and produced all the defense evidence and witnesses, as is shown by affidavit filed here and introduced in evidence.

While the present defendants did not intervene and subject themselves to the jurisdiction of the Cleveland court, they are thought to be as much bound by the judgment entered therein as if they had been the original defendants in that suit. This seems to be the established law and the only issue of importance raised in the present motion. I think the authorities are plainly to this effect. Aghnides v. S. H. Kress & Co., D.C., 140 F.Supp. 582; Clair v. Kastar, Inc., D.C., 51 F.Supp. 207; McClelland v. Rose, 5 Cir., 247 F. 721; Reo Motor Car Co. v. Gear Grinding Machine Co., 6 Cir., 42 F.2d 965; Warford Corp. v. Bryan Screw Mach., 6 Cir., 44 F.2d 713; Beyer Co. v. Fleischmann Co., 6 Cir., 15 F.2d 465; Nash Motors Co. v. Swan Carburetor Company, 4 Cir., 105 F.2d 305; N. O. Nelson Mfg. Co. v. F. E. Myers & Bro. Co., 6 Cir., 25 F.2d 659.

No step has been taken since that judgment which would deprive the plaintiff in this case here from seeking a summary judgment, and such a judgment is ordered.