**Margaret SOPP, Plaintiff,**

**v.**

**Arthur E. GEHRLEIN, Chester J. Miller, Herman Nowak, Donald W. Gunter, Maurice J. Sheehan, Michael J. Kinecki, Frederick R. Filburn, A. J. Harkins, Richard V. Scarpitti and the City of Erie, Pennsylvania, Defendants.**

**Civ. A. No. 1115—Erie.**

United States District Court
W. D. Pennsylvania.

Nov. 4, 1964.

George Schroeck, Harrisburg, Pa., for plaintiff.

Robert H. Chase, Erie, Pa., for six defendants.

Richard Agresti, Erie, Pa. for defendant Kinecki.

Blackmore & Grieshober, Erie, Pa., for defendant Scarpitti.

Gustave Diamond, U. S. Atty., for Post Office Inspectors.

WILLSON, District Judge.

In the complaint filed in this civil action, the averments are undistinguishable from those alleged in the complaint filed at C.A. 1044 Erie, D.C., 232 F.Supp. 881. However, in this complaint nine individuals are named as defendants as well as the City of Erie, a municipal corporation in this district. In C.A. 1044, five individuals were named; and in the instant case, defendants Frederick R. Filburn and A. J. Harkins, United States Postal Inspectors, are added as defendants; as is Richard V. Scarpitti, Assistant District Attorney of Erie County, Pennsylvania; and as is Maurice J. Sheehan, either a city policeman or a detective.

■ The factual situation is set forth in the opinion filed at C.A. 1044. An order was entered on June 10, 1964, in that case directing summary judgment against the plaintiff and in favor of the defendants. That decision was not appealed and is, therefore, final. In that opinion it was held that the averments contained in the complaint even if considered true and correct were insufficient to bring the cause of action within the Federal Civil Rights Act, 42 U.S.C.A. § 1983. The matter is at least at this time res judicata so far as the same defendants are concerned, that is the individuals sued at C.A. 1044. Motions for summary judgment on behalf of all the defendants have been filed, and counsel have been heard at argument and the briefs considered. Without enumerating all the grounds therefor, it is believed that the motions are well taken. In this case the affidavits establish, without any room for doubt, the motivations of the various officers in commencing the investigation which resulted in the arrest of the plaintiff. The affidavit filed by defendant, Filburn, clearly shows his

reasons for his conduct throughout the investigation. Insofar as the two federal officers are concerned, it is sufficient to cite Wheeldin v. Wheeler, 373 U.S. 647, 83 S.Ct. 1441, 10 L.Ed.2d 605, (1963). That case is authority for the conclusion that on the face of the complaint no federal cause of action can be made out against Filburn and Harkins. So far as the other defendants are concerned, the plaintiff is confronted with the same proposition that she was in the prior suit. There is not one factual averment in the complaint which tends to show that the defendants acted under color of state law. There is no racial problem involved. All concerned are of the white race. There is no averment of any systematic disregard of the law by any of the officers. It is established that defendant, Scarpitti, Assistant District Attorney, approved the issuance of the warrant. As indicated in the prior opinion, all officers acted with caution and care.

Counsel for plaintiff among other cases seems to stress Judge Wood's decision in Johnson v. Crumlish, 224 F.Supp. 22 (E.D.Pa.1963). The factual averments and the situation are entirely distinguishable. Judge Wood refused to dismiss the complaint in the cited case because plaintiff was in prison for six hours without being brought before the judge who issued the bench warrant and thereafter spent eight days in jail without a hearing. The method and manner in which the warrant was issued in the cited case was also open to question. In the instant case a careful investigation and various conferences preceded the issuance of the warrant.

 Counsel for defendants have submitted authorities on the proposition that the instant complaint is res judicata having been decided by my prior decision at C.A. 1044. I agree.

 The authorities all agree that the entry of a summary judgment against a plaintiff is a general judgment in favor of a defendant and is an effective bar under the doctrine of res judicata to a subsequent action between the same parties on the same cause of action. Stokke v. Southern Pac. Co., 169 F.2d 43 (10th Cir. 1948). "A judgment under Rule 56 goes to the merits and operates in bar of the cause of action, not in abatement." Martucci v. Mayer, 210 F.2d 259, (3rd Cir. 1954). The issue of res judicata "may be raised on a motion for summary judgment setting up a former judgment between the parties involving the same issue." United States v. State of Alaska, 197 F.Supp. 834 (D.C. Alaska 1961); Bros. Incorporated v. W. E. Grace Manufacturing Co., 158 F. Supp. 786 (D.C.N.D.Texas 1958). The fact that there are defendants in this case who were not in the prior case is of no consequence under the decisions. The subject matter is the same. The cause of action is the same. The two federal officers are not liable under the Supreme Court decision as cited, and the City of Erie and the police officer are protected by the res judicata principle. All the motions for summary judgment must be and will be granted