BAKER, William D. and Bell, Edward G., Jr., and Bugar, Gerald J. and Burkey, I. Glenn and Kauffman, Clarence and Elliott, Edwin J., Jr. and Krempa, Edward R. and Shivery, C. David and Shore, Harold J. and Stanley, John B. and Thomas, Roland T. and Zafares, Dimitrius N. and Zelina, John S. and Ott, Robert and Hargan, Robert D. and Stratton, John K. and Auer, and Conrad, Jack, III and Mowery, Allen M. and Pratt, Ernest

v.

LUKENS STEEL COMPANY and Lukens, Inc. Salaried Employees Retirement Plan.

Appeal of William D. BAKER, Edward G. Bell, Jr., Gerald J. Bugar, Glenn Burkey, Edwin J. Elliott, Jr., Edward R. Krempa, C. David Shivery, Harold J. Shore, John B. Stanley, Roland T. Thomas, Dimitrius N. Zafares, John S. Zelina, Robert Ott, Clarence Kauffman, Robert D. Hargan, John K. Stratton, Timothy C. Auer, Jack Conrad, III, Allen M. Mowery, and Ernest Pratt, Appellants.

No. 85–1627.

United States Court of Appeals, Third Circuit.

Argued June 2, 1986.

Decided June 19, 1986.

Rehearing and Rehearing En Banc Denied July 28, 1986.

---

William Goldstein (argued), Greenstein, Gorelick, Price, Silverman & Laveson, Philadelphia, Pa., for appellants.

Edward W. Mullinix, Jacob P. Hart (Argued), and Diane A. Loebell, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for appellees.

Before ALDISERT, Chief Judge, and GARTH and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Chief Judge.

This appeal from a summary judgment for employer and pension fund defendants in an ERISA action requires us to decide whether employees, who were terminated before normal retirement age can be considered to have sustained injuries when the company, prior to their termination, amended the pension plan to eliminate a special retirement provision, and failed to provide its employees notice of the amendment. The court determined that no issue of material fact existed for trial and that the defendants were entitled to summary judgment as a matter of law. Because we conclude that affidavits submitted by the employees created a genuine issue of fact as to injury, we hold that summary judgment was improper.

### I.

Appellants are former employees of defendant Lukens, Inc., most of whom were employed in Lukens' security department. All of the appellants were covered by the Lukens, Inc. Salaried Employees Retirement Plan, a defined benefit plan within the meaning of the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 (1982) (ERISA). Before January 1, 1983, one of the forms of early retirement provided by the Plan was the "Special Retirement Benefit" (SRB) described in Section 5.06 of the Plan.[1] Under this provision

---

1. The SRB provided:

    5.06 Any Participant whose employment with Lukens terminates because of a shutdown of a division, plant, department or subdivision thereof, or because of an extended layoff or physical disability, and
    (a) who has at least 20 years of Continuous Service and whose combined age and years of Continuous Service equals 65 or more, and

a Plan participant whose age and years of service might not qualify him for normal retirement benefits, could, under certain circumstances qualify for a reduced retirement benefit. On December 15, 1982, the Lukens Board of Directors voted to eliminate the SRB effective January 1, 1983. App. at 102a–04a.

On May 21, 1984, Lukens terminated its security department and permanently laid off that department's employees, effective on or before June 30, 1984. The remaining appellants were laid off by Lukens at other times after May 24, 1983. App. at 25a–27a, 168a–69a. Lukens admitted that it did not notify the appellants of the deletion of the SRB before they were advised of their intended termination. *Id.* at 31a, 172a.

At the time the SRB was deleted from the Plan, none of the appellants were eligible for the benefit, because all were still working for Lukens. However, after the appellants were laid off, each applied for the SRB under Section 5.06 of the Plan, and were denied benefits. Appellants instituted this suit in the district court against Lukens and the Plan (hereinafter referred to collectively as "Lukens") seeking an order requiring Lukens to pay them the SRB as if Lukens had not eliminated it from the Plan.

On cross-motions for summary judgment, the district court held that although Lukens had violated ERISA's notice provisions, the employees had not suffered an injury remediable under ERISA. The court therefore granted summary judgment for Lukens. App. at 409a–12a. The employees appealed.

## II.

The employees argue that the district court erred in finding that they had not asserted an injury remediable under ERISA. They also argue that they are entitled to judgment as a matter of law.

Lukens, which did not take a cross-appeal, but asserting an argument to affirm the district court for a different reason than that given by this court, contends that the district court erred in determining that it had not complied with ERISA's notice provisions.

The same standard of review applies to all issues. On appeal from a grant of summary judgment we are required to apply the same test that the district court should have applied initially, that is:

> [Whether] no genuine issue as to a material fact remains for trial, and [whether] the moving party is entitled to judgment as a matter of law.... Inferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the motion. The non-movant's allegations must be taken as true and, when these assertions conflict with those of the movant, the former must receive the benefit of the doubt.

*Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir.1976) (footnote omitted), *cert. denied*, 429 U.S. 1038, 97 S.Ct. 732, 50 L.Ed.2d 748 (1977).

## III.

We must first address a threshold issue that Lukens, as an appellee, raises concerning its compliance with ERISA's notice provisions. ERISA requires that the plan sponsor provide notice of any "material modification" of the plan "not later than 210 days after the end of the plan year in which the change is adopted to each participant...." 29 U.S.C. §§ 1022(a)(1), 1024(b)(1). Lukens adopted the change on December 15, 1982. App. at 103a ("The Lukens Board of Directors ... met on [December 15, 1982] and adopted the recommended changes...."). Therefore, notice was due within the first 210 days of 1983,

(b) for whom no suitable long-term employment is provided,
is eligible to receive a benefit as described in Section 7.07 and the Supplement described in Section 7.10. The Supplement is payable un-

til the earlier of eligibility for Social Security benefits or the obtaining of suitable long-term employment.
App. at 332a.

*i.e.,* before July 29, 1983. Lukens admitted that none of the appellants were advised of the deletion of the SRB before they were advised of their intended termination. App. at 31a, 171a. With the exception of Clarence Kaufman, whom Lukens maintains was terminated on July 16, 1983, *id.* at 26a, 168a, Lukens admitted that all other appellants were notified of their termination after the July 29, 1983 deadline for the statutory notice. *See id.* at 30a, 171a. Notice to these remaining employees was therefore untimely.

■ Lukens also contends that notice of the deletion of the SRB was not required because it was not a "material modification" of the Plan. The statute does not define the term "material modification." Appellee cites various quotes from the legislative history that purportedly indicate that the notice provisions were primarily concerned with whether the plan participants had adequate notice of qualification or disqualification provisions concerning benefits. Deletion of such provisions are indeed material modifications, *see, e.g., Chambless v. Masters, Mates & Pilots Pension Plan,* 772 F.2d 1032, 1040 (2d Cir. 1985) (amendment disqualifying participant for early retirement benefit if other employment obtained treated as a "material modification"). Any provision of a plan that establishes a benefit itself like the SRB provision, would also seem to be a material term of the plan. We hold and decide that its deletion would be a "material modification."

## IV.

We now reach the crucial issue of this appeal—whether the employees alleged injuries remediable by ERISA. The district court held that even though Lukens conceded that it had not complied with ERISA's notice provisions, as a matter of law the employees had "not suffered any injury which is remediable under ERISA.... [P]laintiffs have failed to demonstrate that they would have left Lukens' employ had they received timely notice of

the deletion of the 'special retirement' provision." App. at 410a–11a.

Appellants argue that their submitted affidavits created a genuine issue of material fact concerning proof of injury and that this precluded the entry of summary judgment. All twenty appellants submitted identical affidavits, app. at 108a–67a, in which appellants stated that they were aware of the SRB, that Lukens intended to reduce substantially its salaried employee staff, that their employment was in peril, and that they decided to stay with Lukens, partly because of the availability of the SRB. *E.g.* app. at 112a–13a.

■ We believe that the affidavits raised a material issue of fact that made summary judgment inappropriate. Many courts have held that it is inappropriate for a court to grant summary judgment where a question of intent or motive is involved. *See, e.g., Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962) (concerning antitrust defendant's motive and intent); *Gifford v. Atchison, Topeka & Santa Fe Railway Co.,* 685 F.2d 1149, 1156 (9th Cir.1982) (concerning employer's motive for terminating employee); *Mazaleski v. Treusdell,* 562 F.2d 701, 717 (D.C.Cir.1977) (concerning an employer's motive for terminating employee); *United States v. Matheson,* 532 F.2d 809, 818 (2d Cir.) ("[N]ormally we would deny summary judgment in the face of an offer of live testimony which, if found credible by the trier of fact, might support a material inference adverse to the movant...."), *cert. denied,* 429 U.S. 823, 97 S.Ct. 75, 50 L.Ed.2d 85 (1976). Appellants' affidavits raise a motive question.

The question of motive, generally speaking, arises in the context of a defendant's state of mind. Here, we are faced with the unusual question—the plaintiffs' motives. The court must decide whether plaintiffs' misinformed motive for continuing in their employment constituted an injury remediable by ERISA. The district court found that "every reasonable inference leads to the conclusion that they would have remained in their former positions." App. at

411a. Yet this conclusion ignores plaintiff's sworn statements. It also turns its face against teachings of this court in *Goodman* that "[i]nferences to be drawn from the underlying facts contained in the evidential sources submitted to the trial court must be viewed in the light most favorable to the party opposing the [summary judgment] motion." 534 F.2d at 573. A permissible inference of the sworn statements is that the plaintiffs did not leave their jobs for other employment or even search for such employment because of the misinformation concerning their status. The affidavits can be said to raise a material issue of fact concerning injury compensable under ERISA. Accordingly, summary judgment for Lukens was improper.

### V.

Appellants argue that under *Agro v. Joint Plumbing Industry Board*, 623 F.2d 207 (2d Cir.1980), the modification made by Lukens to the plan was arbitrary or capricious.[2] Although this argument was presented to the district court, app. at 225a–29a, the court did not address it in its opinion. *See id.* at 409a–11a. We believe that it merits some discussion.

Amendments to a pension plan are void if the trustees acted arbitrarily and capriciously in enacting the amendment. *See Geib v. New York State Teamsters Conference Pension & Retirement Fund*, 758 F.2d 973, 978 (3d Cir.1985). In *Agro* the trustees of a plumbers' pension fund increased, from two to fifteen, the number of uninterrupted years that a plumber must have worked for a contributing employer prior to retirement in order to qualify for a normal retirement benefit. The Second Circuit held that this amendment was arbitrary and capricious and therefore void. 623 F.2d at 210. The court established four factors to be considered in reaching such a conclusion:

1) the extent to which the participant was an intended beneficiary of the plan;

2) the extent to which the amendment is applied retroactively to strip the participant of previously earned credits;

3) the extent to which he was notified of the amendment;

4) the extent to which it is shown that actuarial concerns require denial of benefits to him.

*Id.* We have held that Lukens' notice was inadequate, and Lukens conceded that no actuarial concerns motivated the amendment. App. at 31a, 172a. *Agro* factors 3 and 4 therefore weigh in favor of finding the amendment to be arbitrary and capricious.

However, evaluating the first two *Agro* factors do not unerringly point in this direction. The benefit in *Agro* was a normal retirement benefit; because the claimant was a plan participant, he was an "intended beneficiary" of the plan. *See* 623 F.2d at 211. In a subsequent opinion, *Vaughn v. Metal Lathers' Local 46 Pension Fund*, 626 F.2d 237 (2d Cir.1980), the Court of

**2.** Appellants also argue that "the most logical and appropriate equitable relief under the circumstances is the application of an equitable estoppel." Br. for Appellant at 18. They claim that under the principle we enunciated in *Rosen v. Hotel & Restaurant Employees & Bartenders Union*, 637 F.2d 592 (3d Cir.), *cert. denied*, 454 U.S. 898, 102 S.Ct. 398, 70 L.Ed.2d 213 (1981), Lukens should be estopped from denying Section 5.06's validity in regard to them. Although appellants raised this issue in the district court, app. at 221a, the court did not address it in its opinion. *See id.* at 409a–11a.

The principle of estoppel may not be applied here to grant summary judgment for appellants because a material issue of fact exists as to damages. In *Rosen*, we defined the "principle of estoppel" as "the 'representation of fact made to a party who relies thereon with the right to so rely, [that] may not be denied by the party making the representation *if such denial would result in injury or damage to the relying party.*'" 637 F.2d at 597 (quoting 1 S. Williston, WILLISTON ON CONTRACTS § 139, at 600 (3d ed. 1957)) (emphasis supplied). Because appellants have raised a material issue of fact concerning injury due to their reliance on the SRB, estoppel would not be appropriate until a factfinder resolves this issue.

Appeals explained that when evaluating the first *Agro* factor a court must focus on whether the claimant was an intended beneficiary of the particular benefit in question. In *Vaughn,* the court held that the claimant was not the intended beneficiary of a disability benefit clause because he did not become disabled until after the clause was eliminated from the plan by amendment. *Id.* at 239. Similar reasoning applies here. Because appellants were not laid off until after the SRB was eliminated, under the *Vaughn* reasoning we are not at all certain that they were intended beneficiaries of the SRB.

█ Moreover, appellants have not been retroactively stripped of their benefits, the second *Agro* factor, because one requirement for their attainment of the SRB had not occurred prior to the amendment—being laid off. Until that event occurred, appellants were not entitled to anything under the SRB clause. *See Bencivenga v. Western Pennsylvania Teamsters & Employers Pension Fund,* 763 F.2d 574, 578 (3d Cir.1985). We therefore conclude that the elimination of the SRB was not arbitrary or capricious.

## VI.

Accordingly, we hold that the district court correctly concluded that the deletion of the SRB was a material modification of the plan and that Lukens' notice was therefore inadequate under ERISA. We also hold that the district court erred in concluding that the appellants' affidavits did not raise a material issue of fact concerning an injury and damages compensable under ERISA. Finally, we hold that the rationale in *Agro v. Joint Plumbing Industry Board* does not support the appellants' argument that the modification to the plan was arbitrary or capricious.

The judgment will therefore be vacated and the cause remanded for further proceedings.

Appellees to pay costs.