**Don P. GREENBERG, M.D.**

v.

**POTOMAC HEALTH SYSTEMS, INC.**

Civ. A. No. 94–4862.

United States District Court,
E.D. Pennsylvania.

Dec. 8, 1994.

See also 816 F.Supp. 1039.

Joel W. Todd, Frank Schwartz, Dolchin, Slotkin & Todd, P.C., Philadelphia, PA, for plaintiff.

Michael M. Mustokoff, Teresa N. Cavenagh, Duane, Morris & Heckscher, Philadelphia, PA, for defendant.

## MEMORANDUM

JOYNER, District Judge.

Defendant Potomac Health Systems Inc. has moved this Court to grant it summary judgment[1] on Plaintiff Dr. Don Greenberg's complaint. For the reasons that follow, this Motion will be granted.

The relevant facts in this case and an earlier one are as follows. In 1989, Greenberg entered into an employment relationship with Home Health Systems, Inc. (HHS). His position was as "point man" for HHS, to solicit and obtain physician investors for numerous limited partnerships to be developed

---

1. Potomac has moved in the alternative to dismiss the complaint. It has submitted matters outside the pleadings to this Court and both sides have argued the issue of summary judgment. Accordingly, pursuant to Fed.R.Civ.P. 12(b), this Motion will be treated as a summary judgment motion.

by HHS, Oliver B. Tomlin, President of HHS and Augustus Robbins, an officer of HHS. Potomac, a wholly owned subsidiary of HHS, was to be general partner to the limited partnerships. Greenberg entered into a written employment agreement with HHS that was modified in writing on several occasions, although its substance remained essentially the same. In addition, Greenberg alleges that he received certain oral promises from Tomlin.

Greenberg alleges that the defendants failed and refused to meet their obligations to pay him wages, stock and cash distributions due him from his ownership/equity interest in the corporate general partners. Additionally, he contends that the defendants charged numerous expenses to Potomac, over and above that which had been represented, which significantly reduced its overall profitability, and therefore, Greenberg's ownership interest in Potomac.

In January, 1992, Dr. Greenberg commenced his first lawsuit (Greenberg I) against HHS and Tomlin to recover the damages which he allegedly sustained in September, 1991 as the result of a purported breach of his employment contract and an improper termination from his employment relationship as Vice President of Business Development with HHS. He alleged that Tomlin's oral promises were supplemental to the written contract, and were not performed. Under the amended complaint in Greenberg I, he sought relief under theories of fraud, misrepresentation, estoppel, breach of written contract and civil RICO.

This Court partially granted the defendants' motion for summary judgment in Greenberg I as to the civil RICO claims and as to claims seeking damages arising out of Tomlin's failure to honor his alleged oral promises. As to the breach of contract claims, we held that evidence of the oral promises was barred by the parol evidence rule. On the fraud and misrepresentation claim we held that Greenberg had failed to produce sufficient evidence to show reasonable reliance. The case went to a jury on the remaining claims, and the jury returned a verdict in favor of Greenberg in the amount of $123,901.

Greenberg sought reconsideration of our grant of summary judgment, sought a new trial, and appealed both denials to the Third Circuit, which affirmed our decisions.

In this litigation, Greenberg alleges that Tomlin's oral promises constituted a separate contract with Potomac. He has sued only Potomac for breach of this oral contract, as well as for fraud and misrepresentation. Tomlin and Robbins are both officers of Potomac, wholly owned by HHS. Greenberg acknowledges that the facts in each lawsuit are the same and asserts that no additional discovery is necessary because the witnesses and evidence are identical.

## SUMMARY JUDGMENT STANDARD

In considering a motion for summary judgment, a court must consider whether the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, show there is no genuine issue of material fact, and whether the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The court must determine whether the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

In making this determination, all of the facts must be viewed in the light most favorable to the non-moving party and all reasonable inferences must be drawn in favor of the non-moving party. *Id.* at 256, 106 S.Ct. at 2514. Once the moving party has met the initial burden of demonstrating the absence of a genuine issue of material fact, the non-moving party must establish the existence of each element of its case. *J.F. Feeser, Inc. v. Serv–A–Portion, Inc.,* 909 F.2d 1524, 1531 (3d Cir.1990), *cert. denied,* 499 U.S. 921, 111 S.Ct. 1313, 113 L.Ed.2d 246 (1991) (*citing Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986)).

## LEGAL STANDARD

Potomac asserts that this litigation is ripe for summary judgment because there are no genuine issues of material fact and because there are three legal bases for disposing of

the litigation. First, it argues that Greenberg's claims are barred by claim preclusion (res judicata). Second, that Greenberg's claims are barred by issue preclusion (collateral estoppel). Third, that Greenberg's claims are barred by the statute of limitations.

■ First, Potomac argues that the complaint against it is barred under the doctrine of claim preclusion because Greenberg's suit against it is virtually identical to a complaint earlier brought against two parties allegedly in privity with Potomac. According to the United States Supreme Court, a "fundamental precept of common-law adjudication, embodied in the related doctrines of collateral estoppel and res judicata, is that a 'right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction ... cannot be disputed in a subsequent suit between the same parties or their privies.'" *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) (citation omitted). Claim preclusion also bars claims that could have been, but were not, brought in the first suit. *Gregory v. Chehi,* 843 F.2d 111, 116 (3d Cir.1991).

■ The test whether claim preclusion applies has three parts:

1) whether there has been a final judgment on the merits in a prior suit;

2) whether the prior suit involves the same parties or their privies; and

3) whether the subsequent suit is based on the same causes of action.

*Goel v. Heller,* 667 F.Supp. 144, 149 (D.N.J. 1987); *Gregory,* 843 F.2d at 116.[2]

### ANALYSIS

First, it is not disputed that there was a final adjudication on the merits in Greenberg I. It is well established that a grant of summary judgment is a final adjudication. *Cooper v. Sizzlers Restaurant,* 1993 Westlaw

197060 (E.D.Pa. June 9, 1993). Moreover, our decision to grant summary judgment was affirmed by the Third Circuit. Greenberg's remaining claims were tried to a jury, which reached a verdict. A new trial was not granted, and this decision was also affirmed by the Third Circuit. Accordingly, the first element of the test is met.

■ Second, the parties dispute whether there is an identity of parties. Potomac asserts that because it is a wholly-owned subsidiary of HHS and because its officers are the same as HHS's, that it is in privity with HHS and therefore there is an identity of parties. For claim preclusion to apply, there must either be privity or an otherwise "close or particular relationship" between the parties. *Avins v. Moll,* 610 F.Supp. 308, 316 (E.D.Pa.1984), *aff'd,* 774 F.2d 1150 (3d Cir. 1985).

■ In its support, Potomac cites *Mars, Inc. v. Nippon Conlux Kabushiki–Kaisha,* 855 F.Supp. 673, 677 (D.Del.1994). There, the Court held that a wholly-owned subsidiary was in privity with its parent, so that a suit against one barred a later suit on the same claims against the other. Similarly, in *Goel,* the Court held that when a corporation was a party in the first suit, and the corporation's founders were parties in the second suit, that there was an identity of parties. 667 F.Supp. at 151 ("To say they are not in privity is to suggest that a father is not privy to his son"). Likewise, a party that is vicariously responsible for the acts of another party is in privity with that party. *DeLeon,* 616 A.2d at 389. *See also Avins,* 610 F.Supp. at 316 ("where the same plaintiff sues in multiple suits on identical causes of action, defendants in the later suits who were not named as defendants in the earlier suits are entitled to the benefit of res judicata so long as there is a close or particular relationship with the defendants in the earlier suit.")

---

**2.** In Greenberg I, the parties agreed that Maryland law applied to the claims. It is not clear in this suit whether the parties have agreed which state's law applies. This makes no difference, however, because the test for claim preclusion is the same in Pennsylvania, Maryland and Delaware (the states of citizenship of all the parties in both cases). *Day v. Volkswagenwerk Aktiengesellschaft,* 318 Pa.Super. 225, 464 A.2d 1313, 1316–17 (1983); *DeLeon v. Slear,* 328 Md. 569, 616 A.2d 380, 385 (Md.1992); *Neoplan USA Corp. v. Taylor,* 604 F.Supp. 1540, 1544 (D.Del. 1985).

In contrast, Greenberg asserts simply that the parties are not the same because in Greenberg I he sued HHS and Tomlin and here he only sues Potomac.

We find an identity of parties. Potomac is a wholly-owned subsidiary of HHS and they share officers in Tomlin and Robbins. There is a close relationship between the four in that Greenberg alleges that Tomlin and Robbins acted on Potomac's behalf so that Potomac is liable for their actions under respondeat superior, and in that Potomac was the general partner in the limited partnerships that HHS, Tomlin and Robbins formed with Greenberg's help. Accordingly, the second prong of the claim preclusion test is met.

Third, the parties dispute whether the causes of action are the same in each lawsuit. Potomac alleges that they are because they arise out of the same operative facts and events. They argue that the Third Circuit uses a transactional test. *Gregory,* 843 F.2d at 117. Whether a cause of action is the same depends on the " 'essential similarity of the underlying events,' rather than on the specific legal theories invoked." *Mars,* 855 F.Supp. at 677 (quoting *Davis v. United States Steel Supply,* 688 F.2d 166, 171 (3d Cir.1982), *cert. denied,* 460 U.S. 1014, 103 S.Ct. 1256, 75 L.Ed.2d 484 (1983)) (second suit barred when "every act underlying Mars' cause of action in this suit is intimately intertwined with events that were litigated in" the first suit). An important question is whether the claim could have and should have been raised in the earlier litigation. *Goel,* 667 F.Supp. at 153.

Greenberg asserts that the claims are different because here he sues on an oral contract between he and Potomac whereas in Greenberg I, he sued on a written contract between he and HHS. Because this Court did not permit evidence of the alleged oral promises because of the parol evidence rule, he argues that his fraud claims were never heard. He further asserts that the facts in each suit are materially different, although he acknowledges that the evidentiary basis for each set of claims is identical.

We find that the causes of action are the same in each case. Using the transactional test, each lawsuit's factual basis arises from the same events and occurrences. Greenberg's alleged separate contract with Potomac arises from the exact same oral promises that Greenberg alleged were broken in Greenberg I. We find an "essential similarity of the underlying events," and hold that every act underlying Greenberg's causes of action in this suit are intimately intertwined with events that were litigated in Greenberg I. Accordingly, the third and final prong of the claim preclusion test is met.

Because we find that all the elements of claim preclusion exist, we GRANT summary judgment on Greenberg's complaint. *Goel,* 667 F.Supp. at 154. Because of this holding, we do not consider whether Greenberg's claims are also barred by issue preclusion and the statute of limitations.