**Leverne DOUGLAS, Plaintiff,**

**v.**

**Warden John MURPHY, Record Room Officer Robert Durison, Social Worker Joyce Adams, Defendants.**

**No. Civ.A. 97–7229.**

United States District Court,
E.D. Pennsylvania.

July 17, 1998.

Paul L. Adams, Jr., City Solicitor's Office, Law Dept., Philadelphia, PA, for John C. Murphy, Robert Durison, Joyce Adams.

## MEMORANDUM AND ORDER

KATZ, District Judge.

### Factual Background

Plaintiff Douglas, who is incarcerated at SCI Graterford, has filed a 42 U.S.C. § 1983 action alleging that defendants have violated his constitutional rights by detaining him for four months and seventeen days past his maximum sentence date. *See* Def.Mot.Ex. A. Douglas claims that defendant Murphy, Warden at CFCF, showed a "clear deliberate indifference" by refusing to intervene or investigate two complaints; that defendant Durison, the "Director of Classification Movement and Registration" for the City of Philadelphia Prison System, also showed "clear deliberate indifference" by refusing to release him from county prison, even though he knew that his maximum sentence had passed; and that Social Work Supervisor Adams also showed "clear deliberate indifference" by refusing to investigate his case and by intentionally causing delays in his paperwork. *See id.* Defendants now move for summary judgment.[1]

### Discussion

The detention of a prisoner beyond the termination of his sentence can state an Eighth Amendment violation if that detention occurs without penological justification. *See Moore v. Tartler,* 986 F.2d 682, 686 (3d Cir.1993). In order to establish § 1983 liability in such a case, a plaintiff must demonstrate three elements:

> First, a plaintiff must demonstrate that a prison official had knowledge of the prisoner's problem and thus of the risk that unwarranted punishment was being, or would be, inflicted. Second, the plaintiff must show that the official either failed to act or took only ineffectual action under the circumstances, indicating that his/her response to the problem was a product of deliberate indifference to the prisoner's plight. Finally, the plaintiff must show a causal connection between the official's response to the problem and the unjustified detention.

*Id.* at 686, citing *Sample v. Diecks,* 885 F.2d 1099, 1110 (3d Cir.1989).

In evaluating a plaintiff's case, "[a]mong the circumstances relevant to a determination of whether the requisite attitude (deliberate indifference) is present are the scope of the official's duties and the role the

---

1. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn therefrom in favor of the non-moving party. *Tigg Corp. v. Dow Corning Corp.,* 822 F.2d 358, 361 (3d Cir.1987); *Baker v. Lukens Steel Co.,* 793 F.2d 509, 511 (3d Cir.1986). In other words, if the evidence presented by the parties conflicts, the court must accept as true the allegations of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When the movant does not have the burden of proof on the underlying claim or claims, that movant has no obligation to produce evidence negating its opponent's case, but merely has to point to the lack of any evidence supporting the non-movant's claim. When the party moving for summary judgment is the party with the burden of proof at trial, and the motion fails to establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented. *National State Bank v. Federal Reserve Bank,* 979 F.2d 1579, 1582 (3d Cir.1992). As Douglas is a *pro se* complainant, the allegations in his complaint must be broadly construed. *See Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988); *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

official played in the everyday workings of the prison." *Id.* at 686. Moreover, not every official who is aware of a problem will be found to exhibit deliberate indifference by failing to resolve it. *See id.* A court may find the requisite deliberate indifference in cases where prison officials were put on notice of a prisoner's dispute and then refused to investigate the claim of miscalculation, or where the investigation was so inept and ineffectual that it demonstrates deliberate indifference. *See id.* at 686–87.

 As for defendants Murphy and Adams, plaintiff has produced no evidence that these defendants were aware that he was disputing his incarceration. Summary judgment is therefore appropriate as to these defendants. As for defendant Durison, once he became aware of Douglas's disputes as to his sentence, he instructed his office to investigate Douglas's status. *See* Def.Mot.Ex. B. Based on that investigation, Durison avers that Douglas served exactly his minimum release time within the Philadelphia Prison System. *See id.* Ex. B. Douglas has not demonstrated that defendant Durison either failed to investigate, or that his investigation was so inept or ineffectual that the court may infer deliberate indifference on his part. *See Moore,* 986 F.2d at 687. Summary judgment is therefore appropriate for defendant Durison as well.[2] An appropriate Order follows.

### ORDER

**AND NOW,** this 17th day of July, 1998, upon consideration of defendants' Motion for Summary Judgment, and the response and reply thereto, it is hereby **ORDERED** that said motion is **GRANTED.**

**2.** Plaintiff claims that he did not receive the discovery materials he requested. Upon review of the affidavit and materials submitted to the court by the defendants, the court concludes that appropriate discovery was furnished to plaintiff, and that the discovery materials furnished do not create a genuine issue of material fact. *See* Court Order of July 6, 1998; Affidavit of Robert Durison and Exhibits, filed July 16, 1998.