John **GREENE** and Kevin Lewis, Plaintiffs,

v.

**FRATERNAL ORDER OF POLICE, "First Federal" Lodge, F–1 Pennsylvania, and Grand Lodge, Fraternal Order of Police., Defendants.**

No. CIV.A. 97–7481.

United States District Court, E.D. Pennsylvania.

July 28, 1998.

Faye Riva Cohen, Cohen and Cohen Associates, Philadelphia, PA, for Plaintiffs.

Gary M. Lightman, Harrisburg, PA, James L. McAneny, Law Offices of Gary M. Lightman, Harrisburg, PA, Matthew E. Forbes, Lightman and Welby, Harrisburg, PA, for Defendants.

## MEMORANDUM AND ORDER

KATZ, District Judge.

### Factual Background

In this case, plaintiffs John Greene and Kevin Lewis, who are African American, have alleged that defendants have discriminated against them by denying them reimbursement for legal expenses. Section 1 of Article XV of the Constitution of the defendant "First Federal Lodge, F–1 Pennsylvania" provides as follows:

> Any active member in good standing who shall, as a result of the proper performance of his police duties or any member who shall believe that he is being, or about to be deprived of his legal rights in relations to job tenure, wages, pensions, or other benefits or privileges accruing to him as a result of his employment (provided such deprivation shall jeopardize the welfare of all policemen), shall be entitled to

apply to the Lodge for legal assistance and bail.

Def.Mot.Ex.A.

The same Article sets out a procedure for application, review, and appeal of any requests for legal reimbursement by a member of the F–1 Lodge, and Article 24 of the Constitution and By-laws of the national organization, the Grand Lodge, also sets forth procedures for processing requests for legal assistance by active members. *See id.* Exs. A, B. Plaintiffs claim that their requests for legal assistance were denied by the defendants, while white members of the same organizations did receive legal assistance. Their complaint alleges violations of Title VII, § 1981, and the PHRA, and the complaint includes pendent state law claims. Defendants now move for summary judgment.[1]

### Discussion

As plaintiffs have set forth evidence that raises factual questions as to plaintiffs' Title VII and § 1981 claims, the court will address the substance of defendants' arguments under the PHRA.

Defendants claim that plaintiffs have failed to exhaust their administrative remedies under the PHRA. Plaintiffs filed no administrative complaint within the 180 day time limit required by the PHRA, and they have offered no evidence to indicate that they did so, or that any defenses apply to their case. *See* 43 Pa.Stat.Ann. § 959 (Supp.1998). The 180 day requirement under the PHRA has been rather strictly construed by both the Third Circuit and Pennsylvania courts, and

---

1. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn therefrom in favor of the non-moving party. *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir.1987); *Baker v. Lukens Steel Co.*, 793 F.2d 509, 511 (3d Cir.1986). In other words, if the evidence pre-

sented by the parties conflicts, the court must accept as true the allegations of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 2513–14, 91 L.Ed.2d 202 (1986).

When the movant does not have the burden of proof on the underlying claim or claims, that movant has no obligation to produce evidence negating its opponent's case, but merely has to point to the lack of any evidence supporting the non-movant's claim. When the party moving for summary judgment is the party with the burden of proof at trial, and the motion fails to establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented. *National State Bank v. Federal Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir.1992).

the court does not see any reason to deviate from this line of precedent. *See, e.g., Woodson v. Scott Paper Co.,* 109 F.3d 913, 925–29 (3d Cir.1997). Summary judgment is therefore granted as to Count II of plaintiffs' complaint. An appropriate Order follows.

## ORDER

**AND NOW,** this 28th day of July, 1998, upon consideration of defendants' Motion for Summary Judgment, and having heard both sides in chambers, it is hereby **ORDERED** that said motion is **GRANTED** in part and **DENIED** in part. Summary judgment is **GRANTED** as to Count II of the Complaint and **DENIED** as to Counts I, III, IV, and V of the Complaint.