**Anthony WILLIAMS, Plaintiff,**

v.

**LEHIGH COUNTY DEPT. OF CORRECTIONS, et al., Defendants.**

No. CIV. A. 98–1879.

United States District Court, E.D. Pennsylvania.

Sept. 15, 1998.

Anthony M. Williams, Graterford, PA, pro se.

Leighton Cohen, County of Lehigh, Dept. of Law, Allentown, PA, for Lehigh County Dept. of Corrections.

Leighton Cohen, County of Lehigh, Dept. of Law, Allentown, PA, Renee L. Cohn, Lehigh County Solicitor's Office, Allentown, PA, for Albert Gonzales, Dale E. Boehm, Jane Baker.

## MEMORANDUM AND ORDER

KATZ, District Judge.

*Factual Background*

On April 8, 1998, Plaintiff Anthony M. Williams filed a complaint naming the Lehigh County Department of Corrections and individuals Albert Gonzales, Eric Gaumer, and Dale E. Boehm as defendants under 42 U.S.C. § 1983. Plaintiff states that on October 30, 1996 he was beaten by Officer Gaumer and that Officer Gonzales and Officer Boehm witnessed the abuse but did not intervene; in fact, they attempted to conceal the event. Officers Gaumer and Gonzalez were fired as a result of the incident, but Officer Gonzalez was subsequently rehired. *See* Answer and Affirmative Defenses of Defendants ¶¶ 5, 10–11.

On June 1, 1998, plaintiff amended his complaint and added Jane Baker, Lehigh County Executive, as a defendant, stating that Baker was liable as a decision maker and that Lehigh County had a policy of authorizing violations of the plaintiff's constitutional rights and failing to hold its officials accountable. *See* Amended Compl. ¶ 1. In particular, plaintiff alleges that Ms. Baker knew of the rehiring of Officer Gonzales and that such knowledge and actions constituted an unconstitutional official policy. *See id.* ¶ 2.

Plaintiff previously filed a virtually identical claim before this court in 1996 as part of an extensively litigated series of claims against Lehigh County and related defendants. The first case, docket number 96–2267, recounts the same incident in its Third Amended Complaint. In that Amended Complaint, plaintiff names officers Gaumer, Gonzales, and Boehm as individuals who abused him or witnessed the abuse after he challenged Officer Gonzales for refusing to provide clean underwear. *See* Third Amended Compl. ¶¶ 1–14. Plaintiff specifically added Officers Gaumer, Gonzales, and Boehm as defendants. *See id.* ¶ 20. The first lawsuit included, in addition to the October 30 incident, many other allegations of abuse. This court dismissed that case in its entirety upon defendants' motion for summary judgment based upon issues of qualified immunity, failure to state a proper constitutional claim, and

failure to establish municipal liability under § 1983. *See* Order of April 8, 1997. That grant of summary judgment was affirmed by the Third Circuit on December 4, 1997.

The only difference between the allegations at issue in plaintiff's first case and those made in the present case is the inclusion of a claim that defendant Gonzales came to Williams' cell and "threaten[ed] to assault" plaintiff on March 19, 1998. *See* Compl. ¶ 19. The complaint does not allege that Gonzales or anyone else ever carried out or repeated this threat. Plaintiff also alleges that Officer Gonzales' rehiring constitutes a constitutional violation.

In response to these claims, defendants filed a motion for summary judgment. Because plaintiff's claims are barred by res judicata, defendants' motion will be granted. The sparse new allegations are insufficient to constitute independent grounds for suit.

*Discussion* [1]

*Res Judicata*

 Collateral estoppel, or issue preclusion, bars the relitigation of an issue identical to that addressed in a prior action. Res judicata, or claim preclusion, is broader in effect and "prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not assert in that action." *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir.1993). The plaintiff's claim,

while probably subject to both collateral estoppel and res judicata, falls more appropriately into the broader category of res judicata. Res judicata requires three factors: 1) a final judgment on the merits in a prior suit involving 2) the same parties or their privies, and 3) a subsequent suit based on the same cause of action. *See Board of Trustees v. Centra*, 983 F.2d 495, 504 (3d Cir.1992); *Greenberg v. Potomac Health Systems, Inc.*, 869 F.Supp. 328, 330 (E.D.Pa.1994). Analyzing the factors described above, the plaintiff's suit is clearly barred.

 First, the plaintiff's previous claim was subject to a final adjudication on the merits. "It is well established that a grant of summary judgment is a final adjudication." *Greenberg*, 869 F.Supp. at 330 (citations omitted); *see also Sims v. Mack Trucks, Inc.*, 463 F.Supp. 1068, 1069 (E.D.Pa.1979); *Hubicki v. ACF Industries, Inc.*, 484 F.2d 519, 524 (3d Cir.1973). While plaintiff's first claim before this court included many other allegations in addition to those concerning the October 30, 1996 event, the claims pertaining to that incident were dismissed along with all of the other allegations. While the plaintiff claims that new threats were made, as discussed below, these threats are not sufficient to constitute a new cause of action.

 Second, there is identity of parties sufficient to bar relitigation of the plaintiff's claim. Res judicata applies equally when there is complete identity of parties, privity

1. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn therefrom in favor of the non-moving party. See *Tigg Corp. v. Dow Corning Corp.*, 822 F.2d 358, 361 (3d Cir.1987); *Baker v. Lukens Steel Co.*, 793 F.2d 509, 511 (3d Cir.1986). In other words, if the evidence presented by the parties conflicts, the court must accept as true the allegations of the non-moving party. See *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

When the movant does not have the burden of proof on the underlying claim or claims, that movant has no obligation to produce evidence negating its opponent's case, but merely has to point to the lack of any evidence supporting the non-movant's claim. When the party moving for summary judgment is the party with the burden of proof at trial, and the motion fails to establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented. See *National State Bank v. Federal Reserve Bank*, 979 F.2d 1579, 1582 (3d Cir.1992). However, a non-moving party "may not successfully oppose a summary judgment motion by simply replacing 'conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.'" *Arnett v. Aspin*, 846 F.Supp. 1234, 1237 (E.D.Pa.1994), *citing Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 887, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990).

with prior parties, or when the parties have an otherwise " 'close or particular relationship.' " *See Greenberg,* 869 F.Supp. at 330, *citing Avins v. Moll,* 610 F.Supp. 308, 316 (E.D.Pa.1984). Res judicata " 'will not be defeated by minor differences of form, parties or allegations' where the 'controlling issues have ben resolved in a prior proceeding in which the present parties had an opportunity to appear and assert their rights.' " *Zhang v. Southeastern Financial Group, Inc.,* 980 F.Supp. 787, 794 (E.D.Pa.1997) (citations omitted). When, as here, a plaintiff brings the same claims in successive suits against different but closely related parties, res judicata will protect those later parties so long as there is a close or significant relationship between successive defendants. *See Bruszewski v. United States,* 181 F.2d 419, 422 (3d Cir.1950).

■ Each party named as defendant in this suit was either a named party in the previous suit or in privity with a named party in the previous suit. First, the County of Lehigh was named as defendant in the dismissed suit. In this second suit, the plaintiff has changed one of the named parties to the Lehigh County Department of Corrections. As the Department of Corrections is merely a department within the County of Lehigh, and it is in privity with the County. Neither does the addition of Jane Baker, County Executive, defeat res judicata. Her liability is based on her relationship to Lehigh County and the Department of Corrections as she is being sued in her capacity as a decision maker. As noted in a similar case, *see Sopp v. Gehrlein,* 236 F.Supp. 823 (W.D.Pa.1964), when a prior claim has been brought and completed against a municipality, individual officers are subsequently protected by res judicata in the event of a later case on the same claims. *See id.* 236 F.Supp. at 824, 825. This is because, as the Supreme Court has held, suits against individual in their official capacities are simply another way of litigating against an institutional entity of which an officer is an agent. *See, e.g., Gregory v. Chehi,* 843 F.2d 111, 120 (3d Cir.1988), *citing Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Insofar as the claims are brought against Ms. Baker in her official capacity, the claims are dismissed under the principles of res judicata. "[G]overnment officials sued in their official capacities for actions taken in the course of their duties are considered in privity with the governmental body. They may invoke a judgment in favor of the governmental entity as may that body itself." *Gregory,* 843 F.2d at 120 (citations omitted). Finally, the officers themselves—Gaumer, Gonzales, and Boehm—were named defendants in the previous action and so this second action against them is directly barred by res judicata.

The plaintiff argues that his previous action is not a bar to the current suit because the defendants named in this suit were not served with the complaints in the previous suit. *See* Plaintiff's Motion to Deny Summary Judgement [sic] for the Defendants ¶ 2. The defendants agree that the officers were not served. *See* Defendants' Motion for Summary Judgment at 4. As the defendants note, however, counsel for Lehigh County represented the interests of the County and all other named individuals in that suit. Moreover, the lack of service does not alter the fact that plaintiff had an opportunity to litigate his claims against these individuals previously and that those claims, like all other claims in the 1996 suit, were dismissed in a final judgment by this court and affirmed by the Third Circuit.

Third, the causes of action are identical according to the Third Circuit's transactional approach used in determining the applicability of res judicata. In each case, the plaintiff alleges that he was brutalized after he requested clean underwear from the correctional officer distributing laundry on October 30, 1996. Focusing, as the Third Circuit instructs, not on a mechanical application of the res judicata test but rather on its ultimate purpose of requiring a plaintiff to present all claims arising out of the same occurrence in a single suit, *see Board of Trustees,* 983 F.2d at 504, it is clear that the plaintiff's claim may not be pursued a second time. *See also Davis v. United States Steel Supply, Etc.,* 688 F.2d 166, 174 (3d Cir.1982) (stating that purpose of res judicata is to preserve judicial resources, avoid repetitive litigation, and encourage parties to plead all grounds

for relief in a single lawsuit). While the plaintiff has attempted to advance his claim in this second action by focusing solely on the October 30 incident, with the exception of the threats he has alleged, there is no evidence or claim presented now that could not have been presented at the first proceeding. Thus, the third test is met and res judicata operates to bar this action. *See Herbert v. Reinstein,* 976 F.Supp. 331, 339 (E.D.Pa. 1997).[2]

*Failure to State a Constitutional Claim*

■ Taken alone, the new allegations are insufficient to state a claim for relief under 42 U.S.C. § 1983. Plaintiff, as noted earlier, claims that he has been threatened with abuse by Officer Gonzales. However, there is no specific claim that plaintiff has been injured or that he will be injured as a result of the defendants' actions. In most cases, a verbal threat without any subsequent harm or risk of harm does not rise to the level of a § 1983 violation. *See, e.g., Hopson v. Fredericksen,* 961 F.2d 1374, 1378 (8th Cir.1992); *Holt Cargo Systems, Inc. v. Delaware River Port Authority,* 20 F.Supp.2d 803, 833 (E.D.Pa.1998). While such threats occasionally do rise to the level required when they are made in the prison context (particularly when they are in retaliation for a plaintiff's exercise of legal process) and there is an actual risk of harm, *see, e.g., Douglas v. Marino,* 684 F.Supp. 395, 397 (D.N.J.1988), here the officer who allegedly made the threats has taken no actions since that time, and, indeed, the prisoner himself has been or will soon be transferred to another prison at which Officer Gonzales does not work.

*Lack of Vicarious Liability*

■ The only basis upon which plaintiff includes Ms. Baker as a defendant is her supposed knowledge of the rehiring of Officer Gonzales.[3] As indicated in the previous

order of this court, the plaintiff may not sue individual officials under a respondeat superior theory. Rather, the plaintiff must show either personal involvement in the deprivation of rights or the existence of a policy causing a deprivation of rights. *See generally Monell,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). The plaintiff has demonstrated neither that the rehiring of Officer Gonzales was part of a policy or that the rehiring would constitute a constitutional deprivation even if it were part of a policy. Moreover, assuming Ms. Baker was aware of Officer Gonzales' rehiring, such actions do not constitute the violation of a clearly established statutory or constitutional right of which a reasonable person would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

For all of the above reasons, defendants' motion will be granted. An appropriate order follows.

### *ORDER*

**AND NOW,** this 15th day of September, 1998, upon consideration of Defendants' Motion for Summary Judgment and Motion to Deny Summary Judgement for the Defendants, it is hereby **ORDERED** that Defendant's Motion is **GRANTED** and the Complaint in the above titled action is **DISMISSED** with prejudice.

**2.** While the plaintiff alleges that there have been new threats to him, as noted previously, he has not alleged any subsequent harm to him. Besides the subsequently addressed failure to plead an adequate § 1983 claim even with the new allegations, res judicata bars this second claim because the plaintiff's new allegations of violations of his constitutional rights stem from actions that this court previously found not to be the proper subject of a § 1983 lawsuit. *See Herbert,* 976 F.Supp. at 338–39.

**3.** Any claims pertaining to the previously adjudicated action would be barred pursuant to res judicata, as discussed previously.