**Lamont DOUGLAS, Plaintiff,**

**v.**

**Richard MARINO, Capt. Parson, Sgt. Saul, Velma Fuentes, and Dr. Ray, Defendants.**

**Civ. A. No. 87–4306.**

United States District Court,
D. New Jersey.

April 27, 1988.

Lamont Douglas, pro se.

Donald S. Burak, Deputy Atty. Gen., Trenton, N.J., for defendants.

## OPINION

GERRY, Chief Judge:

## I. INTRODUCTION

This is an action brought pursuant to § 1983 of the Civil Rights Act of 1871. Plaintiff Lamont Douglas is an inmate at the Leesburg State Prison in New Jersey ("Leesburg"). On October 27, 1987, he filed a complaint in this court alleging an assault by one of the prison's employees. From the body of the complaint and the various attachments to it plaintiff appears to make his case as follows.

On August 11, 1987, plaintiff was apparently working in the prison's kitchen. While doing so, he alleges that defendant Richard Mariano, an Institutional Trade Instructor at Leesburg, told him to leave the area because Mariano wanted to cut up some celery. Plaintiff contends that he told Mariano that the latter need not do so, as there were four workers in the "sandwich room" who would accomplish this task. At that point, according to the plaintiff, Mariano swore at him, pulled out a butcher knife, and threatened to kill him. Plaintiff states that Mariano then told him to come into the storage room where Mariano "would really fuck me up."

At that point, Douglas contends he reported the incident to a corrections officer Fish or Fisher. A meeting of some sort is said to have been set up in an attempt to resolve the problem, but it is unclear whether it ever took place. Plaintiff contends, however, that defendant Saul, a corrections officer, did try to get him to sign something stating that Douglas would not pursue the matter. Douglas further states that defendant Velma Fuentes, a social worker who worked at the prison, was ordered to give defendant Parsons, a corrections officer, false information about what had allegedly happened between Douglas and Mariano. Parsons is also said to have ordered "Dr. Ray", apparently a psychiatrist at Leesburg, to examine Douglas.

Plaintiff seeks relief in the form of monetary compensation for the "mental damages" he allegedly suffered as a result of Mariano's threat. He also seeks to have Mariano relieved from his position at Leesburg. All defendants now move the court for an order dismissing plaintiff's complaint for failure to state a claim upon which relief can be granted, under Fed.R. Civ.P. 12(b)(6). We will consider the motion without opposition, as the plaintiff has failed to submit any despite a letter from

the court explaining the possible consequences of his failure to do so.

## II. LEGAL ANALYSIS

 Plaintiff Douglas does not indicate anywhere in the complaint which of his federal rights he is claiming have been violated. He does, however, recite certain New Jersey statutes which he feels apply to this matter. As is clear from its wording, § 1983 of the Civil Rights Act is applicable only to violations of federal law. Plaintiff's omission does not, however, necessitate dismissal of the complaint on a Rule 12(b)(6) motion, since the liberality allowed in modern pleading precludes a dismissal as long as what is pled would permit recovery under any theory of law. When a *pro se* litigant is involved, the pleading requirements are even less strict. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), *reh'g denied*, 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1977). We must decide, then, whether plaintiff's complaint can give rise to a § 1983 cause of action.

> Section 1983 provides in relevant part: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

All of the defendants are employees of Leesburg State Prison, and are described in plaintiff's complaint as acting in the course of their official duties during the incident in question. Accordingly, they appear to have been acting under the color of New Jersey law, thus meeting that requirement for a § 1983 claim.

The gravamen of a civil rights complaint, however, is a deprivation of federal constitutional or statutory rights. Douglas' complaint, as noted, does not specify which of these rights he claims were violated by the defendants. A generous reading of his allegations finds only two possible predicates for his suit. One is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. The other arises from the due process clause of the Fourteenth Amendment to the United States Constitution.

 It is well established that intentionally placing a prison inmate in fear for his life inflicts suffering so as to amount to unconstitutional punishment, if the threat of physical harm is made to discourage a prisoner from seeking judicial relief, or in retaliation for so doing. *See, e.g., Hudspeth v. Figgins*, 584 F.2d 1345, 1348 (4th Cir.1979), *cert. denied*, 441 U.S. 913, 99 S.Ct. 2013, 60 L.Ed.2d 386 (1979). Such acts on the part of state employees have also been held to constitute due process violations. *See, e.g., Burton v. Livingston*, 791 F.2d 97, 100–101 (8th Cir.1986); *Gaut v. Sunn*, 792 F.2d 874, 875 (9th Cir.1986). From these cases we can safely conclude that a violation of the Eighth and/or Fourteenth Amendments can be made out for the purposes of a § 1983 claim without actual force having been used against the plaintiff. What is missing in the instant case, however, is any allegation that defendant Mariano's threat to kill the plaintiff was in any way related to the latter's pursuit of judicial relief.

 The lack of this factor leads us to another wellestablished proposition, *viz.*, that mere threatening language and gestures of custodial personnel do not amount to constitutional violations. *See, e.g., McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.1983), *cert. denied*, 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983); *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir.1979). We find, however, that what plaintiff here alleges is not simply the type of "mere threatening language and gestures" which fail to rise to the level of a constitutional violation.

In *McFadden, supra*, an inmate who had refused to shave for religious reasons was compelled to do so by the presence of twenty-two corrections officers wielding sticks who ordered the plaintiff to shave. Plain-

tiff in that action had not alleged that physical force had been used against him, or that actual threats had been made against his physical well being. *Collins, supra,* a case cited by the defendants, involved an allegation that a sheriff at the county jail in which plaintiff was being held laughed at the plaintiff and threatened to hang him. In neither of these cases were the alleged facts as disconcerting as those now before the court, where a prison employee is said to have brandished a butcher knife in front of an inmate and threatened to kill him or inflict serious bodily harm at what was quite obviously close range. If true, this was not a "mere threat" with words alone. More properly described, the alleged altercation was words along with action, the action being the threatening use of a weapon. Nor is the plaintiff's claim one of simple overly zealous intimidation, the object of which was to compel an inmate to comply with prison regulations. See *McFadden, supra.*

The Fourteenth Amendment protects an individual's liberty interest in personal security. *Davidson v. O'Lone,* 752 F.2d 817, 821 (3d Cir.1984), *aff'd sub nom. Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). This liberty interest covers attacks committed by persons other than state custodians, *id.* at 822, and infringement of this interest by intentional conduct gives rise to a claim under § 1983. *Id.* at 828. This is because the essential element of a § 1983 action is abuse by a state official of his or her official position. *Id.* at 827.

We feel that enough is pled in plaintiff's complaint to survive a motion to dismiss insofar as defendant Mariano is concerned. This case seems to straddle the fence between the line of cases such as *Burton* and *Gaut, supra,* which permits a § 1983 action to proceed without allegations of use of actual force as long as interference with a plaintiff's pursuit of judicial relief is implicated, and cases such as *McFadden* and *Collins, supra,* which deny the existence of a § 1983 cause of action if "mere threats" are involved. The rationale set out by the Third Circuit in

*Davidson, supra,* can be comfortably extended to encompass a situation where a prison employee infringes on an inmate's personal security to the extent of threatening his life—not by mere words, but additionally while brandishing a dangerous weapon poised for immediate use, the act being unrelated to forcing compliance with institutional regulations. Surely one's personal security includes one's state of mind during daily interaction with others. To have this state of mind shattered through an armed assault by a government employee in close quarters with whom one must work is certainly a substantial invasion of the liberty interest every person possesses in his or her own personal security. What Douglas here alleges is not just an off-the-cuff verbal remark made out of anger or malice. Defendant Mariano is said to have gone at least one level beyond verbal harassment, and even perhaps beyond the use of slight physical force. He is charged with actually threatening plaintiff's life with a knife. The plaintiff, who, insofar as we can ascertain, is required to continue to work in the kitchen with Mariano, a kitchen supervisor, might very understandably be in fear of his life every time he enters the prison kitchen. To argue that such an ongoing fear is not an invasion of one's liberty interest strikes the court as incredible. That the source of such fear is alleged to be a prison official strikes us as outrageous. Outrageous conduct or abuse of official power clearly rises to the level of a § 1983 claim. *Davidson,* 752 F.2d at 829. It is irrelevant that there may be, as there is here, a post-deprivation remedy in state court. *Id.* at 828. Accordingly, and for the purpose of a Rule 12(b)(6) motion only, we find that plaintiff's complaint alleges enough to constitute a valid § 1983 claim insofar as defendant Mariano is concerned. We do so without passing on the question of whether plaintiff's complaint also states a claim under the Eighth Amendment.

Douglas also charges that defendant Fuentes, a social worker at the prison, was ordered (by someone) to give defendant Parson, who appears to be a corrections officer at the prison, false informa-

tion about what had happened. Assuming that Fuentes did give such false information, Douglas' due process rights may well have been violated. If it is a due process violation to fail to disclose exculpatory statements to a prisoner in disciplinary procedings, *Chavis v. Rowe*, 643 F.2d 1281, 1285–1286 (7th Cir.1981), *cert. denied sub nom. Boles v. Chavis*, 454 U.S. 907, 102 S.Ct. 415, 70 L.Ed.2d 225 (1981), then surely truth is considered important for due process. If Fuentes did lie about the incident in question, the plaintiff's due process rights may have been violated. In addition, if a prisoner can be disciplined for making slanderous remarks about prison personnel in an internal complaint, *Hadden v. Howard*, 713 F.2d 1003, 1007–1008 (3d Cir. 1983), the inmate should also be able to expect a similar generosity in return. If true, plaintiff has stated a cause of action against Fuentes in his complaint.

■ We are unable, however, to save plaintiff's complaint insofar as it attempts to advance § 1983 claims against the remaining defendants. Defendant Parson, who appears to be a corrections officer at the prison, is said to have ordered defendant Ray, a psychiatrist at Leesburg, to examine the plaintiff after the incident because Parson wanted to "ship [plaintiff] out." Without more, we cannot see how this would rise to a violation of federal rights. The same is true for defendant Fish or Fisher, who is said to be the prison official to whom the plaintiff reported the assault, but is not charged with having done anything. Defendant Ray is alleged only to have "interviewed" the plaintiff; no claim arises from the encounter. Defendant Saul, plaintiff states, tried to get him to sign a paper stating that Douglas would not pursue the matter further. Alleging that alone does not indicate to the court any real attempt to interfere with the plaintiff's rights.

In conclusion, defendants Mariano and Fuentes' motions to dismiss the complaint against them for failure to state a claim upon which relief can be granted will be denied. The motions of the remaining de-fendants to dismiss the complaint will be granted.

An appropriate order has been entered.