**John Joseph MURRAY**

v.

**Mr. DIDARIO, Superintendent.**

**Civ. A. No. 90–7459.**

United States District Court,
E.D. Pennsylvania.

April 23, 1991.

John Joseph Murray, pro se.

Thomas B. York, Chief of Litigation, Commonwealth of Pennsylvania, Dept. of Public Welfare, Harrisburg, Pa., for defendants.

## MEMORANDUM

KATZ, District Judge.

Plaintiff herein was provided leave to proceed *in forma pauperis* by order of this court dated December 7, 1990. The matter was heard before this court on April 1, 1991. The plaintiff's complaint, filed under 42 U.S.C.A. § 1983, alleged that he is "a prisoner in the state hospital and there is no law library here to use at all." The state hospital referred to is Norristown State Hospital, and the named defendant is the superintendent of that institution, Mr. Didario.

Defendant answered the complaint and admitted that Norristown State Hospital does not have a law library. In addition, defendant admitted that the plaintiff was a patient at Norristown State Hospital from October 9, 1990 to December 13, 1990. The plaintiff is currently incarcerated at the Bucks County Correctional Facility.

It is well established that convicted offenders have a constitutional right to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Likewise, inmates confined to mental institutions have the same right of meaningful access to the courts.

*Ward v. Cort,* 762 F.2d 856, 858 (1985); *see also King v. Atiyeh,* 814 F.2d 565, 568 n. 2 (9th Cir.1987) (patients involuntarily committed to state hospital after criminal trials have a constitutional right to meaningful access to the courts); *Johnson by Johnson v. Brelje,* 701 F.2d 1201, 1207 (7th Cir.1983) (defendants under criminal charges who are found unfit to stand trial and are committed to a mental facility have a constitutional right of access to the courts); *Robbins v. Budke,* 739 F.Supp. 1479, 1485 (D.N.M.1990) (psychiatric patients have a constitutional right of meaningful access to the courts).

In *Ward v. Cort,* the Tenth Circuit was presented with the situation of a mental patient committed pursuant to a finding that he was not guilty of an offense by reason of insanity. One of his claims was that the superintendent of the Colorado State Hospital where he was confined had failed to provide adequate access to legal materials and research materials, causing a denial of access to the courts. The magistrate assigned the case found that the hospital had no library and that the only legal books available were the Colorado Revised Statutes. No inmates were trained in the law and there was no system of paralegals to assist the patients. Nevertheless, the magistrate found that the hospital had provided adequate access to the courts by furnishing an attorney, under a contract arrangement, to assist the patients. Essentially, the contract provided for a law firm to provide no more than twelve hours per week of legal services (including research and preparation) to the patients. The District Court affirmed the magistrate's recommendation that the case be dismissed.

The Tenth Circuit stated that "there is no logic in holding that persons under mental commitments like plaintiff are on a lower plane than convicted inmates and are not entitled to protection of the basic constitutional guarantee of access to the courts." *Id.* at 858. Consequently, the court held that a person under a mental commitment is entitled to protection of his right of access to the courts. Because the defendant in *Ward* had not supported by substantial evidence his contention that the contract attorney provided adequate help in

the "critical areas" of filing a federal habeas or civil rights complaint, the Tenth Circuit held that the patient did not have meaningful access to the courts. *Id.* at 860. Under *Bounds,* the State is free to choose between providing law library facilities on a reasonable basis or having available counsel on a reasonable basis. *Bounds,* 430 U.S. at 823, 97 S.Ct. at 1495 (" '[M]eaningful access' to the courts is the touchstone.") Colorado had chosen the latter course but the availability of counsel was so restricted as to fail to meet the test of reasonableness.

The court advised defense counsel at trial that counsel would be appointed for the plaintiff if the defendant did not voluntarily provide a reasonable law library at the Norristown State Hospital. By letter dated April 22, 1991, the Chief of Litigation of the Department of Public Welfare of the Commonwealth of Pennsylvania advised the court as follows:

"The Commonwealth of Pennsylvania will voluntarily establish a law library at Norristown State Hospital ("NSP") which will include the following:

1. Black's Law Dictionary
2. Pennsylvania Rules of Court—State and Federal
3. United States Constitution
4. Pennsylvania Constitution
5. Legal Research in a Nut Shell
6. Criminal Procedure in a Nut Shell
7. Federal Civil Judicial Procedure and Rules
8. Pennsylvania Evidence
9. Purdon's Pennsylvania Statutes Annotated—Titles 18, 35, 42, 61, 75
10. United States Code Annotated—Title 18; Title 28 §§ 2241–2255; Title 42 §§ 1981–1997
11. Pennsylvania Digest 2d—Volume 13–19, 70–71

The first four items are immediately available at NSP. Numbers 5 through 9 were ordered on April 18, 1991, and should be available within a few weeks. Items 10 and 11 will be purchased after July 1, 1991, when the new budget year begins.

The Supreme Court Reporter, the Federal Reporter 2d, the Federal Supple-

ment, and the Pennsylvania Reporter are all available through interlibrary loan. After the patient has located the citations to any cases he wishes to read, he need only request the appropriate reporter. Any requested reporter can be delivered to the patient within a week. The patient can also request any other legal materials that he believes are necessary to his research.

The Commonwealth believes that the voluntary creation of the above-described law library is a reasonable accommodation of the patients' constitutional rights. Such a law library is constitutionally adequate in a setting such as a state hospital."

The court agrees that the voluntary creation of the described library is a reasonable accommodation of the plaintiff's constitutional rights. The plaintiff has neither alleged nor demonstrated any damages. Nor is he any longer confined in the Norristown State Hospital.

An appropriate Order follows.

### ORDER

AND NOW, this 23rd day of April, 1991, it is ORDERED that the complaint is DISMISSED as moot.