**John Joseph MURRAY**

v.

**Paul WOODBURN.**

**Civ. A. No. 93–0005.**

United States District Court,
E.D. Pennsylvania.

Jan. 6, 1993.

## MEMORANDUM

KATZ, District Judge.

In Mr. Murray's 87th suit before me claiming violations of his civil rights he complains:

> "Paul Woodburn deliberately pushed my mental button when he knew I was under high stress to trigger me to lightly punch him in the eye. [T]hen he used the incident to commit me."

The incident apparently took place at Bucks County Prison. Mr. Murray is now at Norristown State Hospital. Mr. Murray alleges he told Dr. Veneroff about the alleged incident with the result that "he laughed at me." Mr. Murray requests that I order "appropriate action." He qualifies for *in forma pauperis* status.

A complaint is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams,* 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). A factual frivolousness finding is appropriate

---

only if the facts alleged rise to the level of the irrational or the wholly incredible. *Denton v. Hernandez,* —— U.S. ——, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992) (remanding claims of being homosexuality raped and drugged 28 times by inmates and guards at various prisons).

█ Mean harassment of the sort alleged by Mr. Murray is insufficient to state a constitutional deprivation. *Collins v. Cundy,* 603 F.2d 825 (10th Cir.1979) (sheriff laughed at prisoner and threatened to hang him); *McFadden v. Lucas,* 713 F.2d 143, 146 (5th Cir.), *cert. denied* 464 U.S. 998, 104 S.Ct. 499, 78 L.Ed.2d 691 (1983) (being made to shave without physical force or threats); *Oltarzewski v. Ruggiero,* 830 F.2d 136 (9th Cir.1987) (vulgarity); *Cf. Northington v. Jackson,* 973 F.2d 1518 (10th Cir.1992) (gun to prisoner's head); *Burton v. Livingston,* 791 F.2d 97 (8th Cir.1986) (guard drew weapon and threatened to shoot); *Douglas v. Marino,* 684 F.Supp. 395 (D.N.J.1988) (prisoner threatened with kitchen knife by prison employee).

I would not presume to say Mr. Murray's claim is irrational or wholly incredible. The more difficult question is whether, given his vulnerabilities, provoking him to punch a prison official in the nose and then using the incident as a basis for committing him states a claim against a prison official. Under the present state of the law, it does not.

█ I have no complaint about Mr. Murray's 87 cases since 1989. Some have gone to trial. One resulted in the installation of a law library at Norristown State Hospital. *Murray v. Didario,* 762 F.Supp. 109 (E.D.Pa.1991). Most have not been legally viable. Mr. Murray has not abused the right to proceed *in forma pauperis. See In re McDonald,* 489 U.S. 180, 109 S.Ct. 993, 103 L.Ed.2d 158 (1989).