**Richard WILSON, Plaintiff,**

**v.**

**Robert SHANNON, et al., Defendants.**

**No. CIV.A. 97–4035.**

United States District Court, E.D. Pennsylvania.

Nov. 14, 1997.

Richard Wilson, Frackville, PA, pro se.

Randall J. Henzes, Office of Attorney General, Philadelphia, PA, for Defendants.

## ORDER AND MEMORANDUM

KATZ, District Judge.

**AND NOW**, this 14th day of November, 1997, upon consideration of defendants' Motion for Summary Judgment, and the response thereto, it is hereby **ORDERED** that defendants' motion is **GRANTED.**

### I. *Factual Background*

Plaintiff Richard Wilson is a prisoner at SCI–Frackville. On April 26, 1997, Wilson was moved from the lower tier on "seven block" to the upper tier. Def. Mot. Ex. 1, at 5. After being moved, Wilson requested to see one of the defendants, Captain Burke, because he wanted to retrieve his legal materials from his cell. *Id.* at 6–7. Captain Burke then proceeded to identify the envelope to several correctional officers, and these defendant officers then went to Wilson's old cell and began reading his legal materials. *Id.* at 8, 11; Pl. Resp. Exs. 2, 3. Wilson made another request to receive his legal materials from another Frackville official, Major Kerestes. Def. Mot. Ex. 1, at 8. Wilson eventually received his legal materials on May 21, 1997.

At some time prior to receiving his materials, Wilson was scheduled to go to the mini law library in the restricted housing unit (RHU), and he refused to be strip searched prior to entry; the strip search is standard procedure at the mini-library. *Id.* at 15. Wilson did not enter the library on that day. *Id.* On another day, Wilson also wanted two copies made in the prison library, but he had no money in his account, and defendant Domalkes, the librarian, refused to make the copies for him because he did not have the money in the account. *Id.*

On May 25, 1997, Cooney, O'Donnell, and Clemson entered Wilson's cell for a security search and ordered him to strip, and Wilson complied. *Id.* at 21. At no time during the search did Cooney, Clemson or O'Donnell physically place their hands on Wilson, although they mocked Wilson and left him alone in a shower, handcuffed, for twenty minutes. *Id.* at 21–22. On July 14, 1997, Wilson received a misconduct from Heidlebaugh for using obscene language with an employee and refusing to obey an order.

Def. Mot. Ex. 2. As a result of this misconduct, Wilson was placed on exercise restriction by Captain Lorady as of July 15, 1997. *Id.* On July 23, 1997, Wilson was removed from exercise restrictions by Captain Boyle. *Id.*[1]; Pl. Resp. Ex. 7.

## II. *Discussion*

### A. *Right of Access to the Courts*

■ Wilson claims that the defendants have interfered with his right of access to the courts by keeping his legal materials from him for almost a month, by not making copies for him at the law library when he had insufficient funds in his account, and by subjecting him to strip searches prior to entry to the law library. Def. Mot. Ex. 1 at 6–21. While prisoners do have a constitutional right of access to the courts, in order to establish a violation of that right, Wilson must demonstrate some actual injury, such as the loss or rejection of a legal claim. *See Lewis v. Casey,* 518 U.S. 343, ——, 116 S.Ct. 2174, 2179, 135 L.Ed.2d 606 (1996). Wilson has alleged such injury, but he has made no such showing of actual injury other than through his stated allegations. *See e.g.,* Def. Mot. Ex. 1, at 30. Accordingly, summary judgment is appropriate on these particular claims.

### B. *Retaliation*

■ Wilson alleges that he has been strip searched, placed on disciplinary status, and harassed as a result of his actions as a jailhouse lawyer on his own behalf and on behalf of other inmates and for filing grievances. Def. Mot. Ex. 1, 17–19, 35–36; Pl. Resp. Exs.

8B, 9. It is well-settled that prison officials cannot take retaliatory action against a prisoner who has exercised his First Amendment rights. *Cf. Brooks v. Andolina,* 826 F.2d 1266, 1268–69 (3d Cir.1987) (disciplinary action for letter writing to outsiders); *Milhouse v. Carlson,* 652 F.2d 371, 373–74 (3d Cir.1981) (disciplinary action for instituting lawsuit); *Hill v. Blum,* 916 F.Supp. 470, 473 (E.D.Pa.1996) (loss of employment for filing administrative grievance); *Quinn v. Cunningham,* 879 F.Supp. 25, 27–28 (E.D.Pa. 1995), *aff'd,* 85 F.3d 612 (3d Cir.1996) (denial of extra work hours for filing grievance). Wilson has complained of verbal abuse and harassment, however, and these particular actions, while not laudatory behavior, do not rise to the level of a constitutional violation. *See Murray v. Woodburn,* 809 F.Supp. 383, 384 (E.D.Pa.1993).

### C. *Strip Searches*

■ Wilson also alleges that he was subjected to repeated strip searches, both at the law library and as a result of a security check of his cell. Def. Mot. Ex. A. He claims that the strip searches caused him emotional distress and headaches, as well as mental anguish. *Id.* An inmate has some constitutional protection under the Fourth Amendment against unreasonable searches, but an inmate's rights are limited by the need to maintain prison security, and by the inmate's own reduced expectation of privacy. *See Bell v. Wolfish,* 441 U.S. 520, 558–60, 99 S.Ct. 1861, 1884–85, 60 L.Ed.2d 447 (1979). A strip search or a visual bodily cavity search

---

**1.** Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

When ruling on a summary judgment motion, the court must construe the evidence and any reasonable inferences drawn therefrom in favor of the non-moving party. *Tigg Corp. v. Dow Corning Corp.,* 822 F.2d 358, 361 (3d Cir.1987); *Baker v. Lukens Steel Co.,* 793 F.2d 509, 511 (3d Cir.1986). In other words, if the evidence pre-

sented by the parties conflicts, the court must accept as true the allegations of the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). When the movant does not have the burden of proof on the underlying claim or claims, that movant has no obligation to produce evidence negating its opponent's case, but merely has to point to the lack of any evidence supporting the non-movant's claim. When the party moving for summary judgment is the party with the burden of proof at trial, and the motion fails to establish the absence of a genuine factual issue, the district court should deny summary judgment even if no opposing evidentiary matter is presented. *National State Bank v. Federal Reserve Bank,* 979 F.2d 1579, 1582 (3d Cir.1992).

must be conducted in a reasonable manner. *Id.* at 560, 99 S.Ct. at 1885. The record does not indicate that the searches themselves were done in an unreasonable manner, even though Wilson alleges the searches to be unnecessary.

■■■ If Wilson's claim is read as an excessive force claim, he has not met his burden under *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992). In order for a prisoner to state an Eighth Amendment claim for the excessive use of force by a prison official, he must establish that the force was not applied in a good-faith effort to maintain or restore discipline, but that it was maliciously and sadistically used to cause harm. *See Hudson v. McMillian,* 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). Under *Hudson,* the absence of a serious injury to the inmate is relevant to this court's inquiry, but does not end it. *Id.* However, the Eighth Amendment's prohibition excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not "repugnant to the conscience of mankind." *Id.* at 10, 112 S.Ct. at 1000.[2] Wilson has not met his burden under *Hudson;* he admits that none of the defendants physically struck or touched in any manner on or around his head. *See* Def. Mot. Ex. A. He has not set forth the requisite injury or demonstrated that the force involved was malicious or sadistic.

As a result, summary judgment is granted as to Wilson's claims involving strip searches.

### D. *Denial of Exercise*

■■■ Wilson alleges that the denial of exercise for eight days was an unconstitutional denial of exercise. The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement." *Farmer v. Brennan,* 511 U.S. 825, 830, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994). Wilson's claims must satisfy an objective and subjective element. First, the conditions at issue must be, "objectively, sufficiently serious," and an official's act or omission "must result in the denial of 'the minimal civilized measure of life's necessities.'" *Farmer,* 511 U.S.

at 832, 114 S.Ct. at 1977, (quoting *Rhodes v. Chapman,* 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981)). A plaintiff must prove that the deprivation is sufficiently serious in fact and in light of "contemporary standards of decency." *Helling v. McKinney,* 509 U.S. 25, 35, 113 S.Ct. 2475, 2482, 125 L.Ed.2d 22 (1993). Although a combination of conditions of confinement may present an Eighth Amendment violation when a single condition might not do so on its own, such allegations are only successful "when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." *See Wilson v. Seiter,* 501 U.S. 294, 304, 111 S.Ct. 2321, 2327, 115 L.Ed.2d 271 (1990).

The second, subjective, element requires that the defendants have a sufficiently culpable state of mind, or "deliberate indifference." *See Farmer,* 511 U.S. at 832, 114 S.Ct. at 1977. The *Farmer* court defined the requisite state of mind for a finding of "deliberate indifference" for an Eighth Amendment claim:

> A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.... [A]n official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases by condemned as the infliction of punishment.

*Farmer,* 511 U.S. at 836, 114 S.Ct. at 1979. As a result, the *Farmer* court adopted subjective recklessness as the test for deliberate indifference in Eighth Amendment claims. *Id.* at 838, 114 S.Ct. at 1980.

---

**2.** Defendants note that 42 U.S.C. § 1997e(e) does not allow an inmate to recover for mental or emotional injury absent a prior showing of physi-

cal injury. Wilson clearly has not met the statutory standard. *See, e.g., Siglar v. Hightower,* 112 F.3d 191, 193–94 (5th Cir.1997).

■ Denial of exercise can result in a constitutional violation. *See French v. Owens*, 777 F.2d 1250, 1255 (7th Cir.1985). However, a denial of exercise for a brief period of time while in prison on administrative segregation has been found not to violate a prisoner's constitutional rights; particularly if that segregation has some connection with a legitimate penological interest. *See Knight v. Armontrout*, 878 F.2d 1093, 1095–96 (8th Cir.1989); *Leonard v. Norris*, 797 F.2d 683, 685 (8th Cir.1986).

■ Even if the denial of exercise does fulfill the objective aspect of the inquiry, Wilson has not demonstrated the requisite deliberate indifference for a finding of an Eighth Amendment violation that will withstand a motion for summary judgment. Wilson was denied exercise for only a brief period of time, and that denial of exercise was in response to disciplinary problems created by the plaintiff. Accordingly, summary judgment is appropriate on these counts as well. *See Bensinger v. Capt. 2 to 10:00 on Feb. 18, 94*, 1995 WL 30609 (E.D.Pa. Jan.18, 1995) (short term denial of exercise not an eighth amendment violation).

### E. *No Respondeat Superior Liability*

■ Wilson has alleged *respondeat superior* liability on the part of defendant Shannon. The mere fact that a defendant may hold a supervisory position is insufficient to find liability, as there is no vicarious liability or *respondeat superior* liability in § 1983 cases. *See Hampton v. Holmesburg Prison Officials*, 546 F.2d 1077, 1082 (3d Cir.1976). In order for any of the defendants to be liable under § 1983, they must have participated in or had personal knowledge of and acquiesced in the actions which plaintiff claims to have deprived him of his constitutional rights. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir.1988). To the extent to which Wilson alleges *respondeat superior* liability on the part of these defendant Shannon, summary judgment is appropriate. To the extent to which Wilson claims personal involvement on Shannon's part, summary judgment is also appropriate, as he has not created a question of material fact as to his personal involvement or his deliberate indif-ference. Wilson claims that defendant Shannon is facility manager, and that he sets the policies for the prison and that Shannon is aware of the policies and those practices that are procedurally insufficient. These allegations are not supported in the record; Wilson has not raised an issue of material fact as to the allegations against defendant Shannon, so the court enters summary judgment in favor of defendant Shannon on Wilson's claims against him.