Robert Edward EATON, Plaintiff,

v.

Commissioner Carl DANBERG, et al., Defendants.

Civ. Action No. 07–849–JJF.

United States District Court, D. Delaware.

April 16, 2008.

Robert Edward Eaton, Pro se Plaintiff, Smyrna, DE.

### *MEMORANDUM OPINION*

JOSEPH J. FARNAN, JR., District Judge.

Plaintiff Robert Edward Eaton ("Plaintiff"), an inmate at the Delaware Correctional Center ("DCC"), Smyrna, Delaware, filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears *pro se* and was granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915. (D.I.2.) For the reasons discussed below, the Court will dismiss the Complaint as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

## I. BACKGROUND

Plaintiff was classified to the Greentree Program.[1] Plaintiff has "medical ailments" and he alleges that Dr. McDonald, the chronic care infectious disease specialist, diagnosed him as "unfit to participate in intense programming." Plaintiff alleges that he was classified to the Greentree Program despite numerous pleas to authorities about his health. Plaintiff alleges that he was written-up, found guilty with-

---

1. DCC's residential drug and alcohol treatment program. http://doc.delaware.gov/BOP/ PrisonDCC.shtml.

out a hearing, and moved to a higher level of security. He concludes that he is being punished for following his doctor's advice.

Plaintiff seeks eleven million dollars in compensatory damages. He specifically claims that Defendant Ronald Hosterman ("Hosterman") is liable for damages caused by discriminatory comments.

## II. STANDARD OF REVIEW

When a litigant proceeds *in forma pauperis,* 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the Court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

In performing the Court's screening function under § 1915(e)(2)(B), it applies the standard applicable to a motion to dismiss under Fed.R.Civ.P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.,* No. 4:07CV–000079, 2007 WL 257617 (M.D.Pa. Jan. 25, 2007) (citing *Weiss v. Cooley,* 230 F.3d 1027, 1029 (7th Cir.2000)). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Christopher v. Harbury,* 536 U.S. 403, 406, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002). A complaint must contain " 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to

'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); Fed.R.Civ.P. 8. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement' to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

Plaintiff is required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny,* 515 F.3d 224, 232 (3d Cir.2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly,* 127 S.Ct. at 1965 n. 3). Therefore, " 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly,* 127 S.Ct. at 1965 n. 3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.' " *Id.* at 234. Because Plaintiff proceeds *pro se,* his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* —— U.S. ——, 127 S.Ct. 2197,

2200, 167 L.Ed.2d 1081 (2007) (citations omitted).

## III. ANALYSIS

### A. Classification

■ Plaintiff alleges that he was classified to the Greentree Program even though his medical condition makes him "unfit" to participate in the program. He contends that he was "written up" on unspecified charges, found guilty without a hearing, and moved to a higher security level. Initially, the Court notes that inmates have "no legitimate statutory or constitutional entitlement" to any particular custodial classification even if a new classification would cause that inmate to suffer a "grievous loss." *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

■ In *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Supreme Court held that prisoners must be accorded due process before prison authorities may deprive them of state created liberty interests. A prison disciplinary hearing satisfies the Due Process Clause if the inmate is provided with: (1) written notice of the charges and not less than 24 hours to marshal the facts and prepare a defense for an appearance at the disciplinary hearing; (2) a written statement by the fact finder as to the evidence relied on and the reasons for the disciplinary action; and (3) an opportunity "to call witnesses and present documentary evidence in his defense when to do so will not be unduly hazardous to institutional safety or correctional goals." *Wolff*, 418 U.S. at 563–71, 94 S.Ct. 2963; *Griffin v. Spratt*, 969 F.2d 16, 19–20 (3d Cir.1992). It is axiomatic, however, that to be entitled to procedural due process protections as set forth in *Wolff*, a prisoner must be deprived of a liberty interest. *See Wolff*, 418 U.S. at 557–558, 94 S.Ct. 2963.

■ The Due Process Clause itself confers no liberty interest in freedom from state action taken "within the sentence imposed." *Sandin v. Conner*, 515 U.S. 472, 480, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). More so, state created liberty interests protected by the Due Process Clause are generally limited to restraints on prisoners that impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Griffin v. Vaughn*, 112 F.3d 703, 706 (3d Cir.1997) (quoting *Sandin*, 515 U.S. at 484, 115 S.Ct. 2293).

■ Additionally, neither Delaware law nor Delaware Department of Correction regulations create a liberty interest in a prisoner's classification within an institution. *See* Del.Code Ann. 11, § 6529(e). "'As long as the conditions or degree of confinement to which [a] prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight.'" *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983) (quoting *Montanye v. Haymes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976)). It has thus been determined that the transfer of a prisoner from one classification is unprotected by the Due Process Clause even though the change in status involves a significant modification in conditions of confinement. *Hewitt*, 459 U.S. at 468, 103 S.Ct. 864 (citation omitted); *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976).

■ Plaintiff has not articulated a protected liberty interest with respect to his classification status and, therefore, he is not entitled to the Due Process protections

as set forth in *Wolff.* Accordingly, the Court will dismiss the claims for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(I) and § 1915A(b)(1).

### B. Verbal Harassment

 In his prayer for relief, Plaintiff states that Hosterman is liable for damages caused by discriminatory comments in violation of the Constitution. Verbal abuse and harassment do not rise to the level of a constitutional violation. *See Murray v. Woodburn,* 809 F.Supp. 383, 384 (E.D.Pa.1993); *see also McBride v. Deer,* 240 F.3d 1287, 1291 (10th Cir.2001) (taunts and threats are not an Eighth Amendment violation); *Prisoners' Legal Ass'n v. Roberson,* 822 F.Supp. 185, 189 (D.N.J.1993) (verbal harassment does not violate inmate's constitutional rights). Therefore, the Court will dismiss the claim against Hosterman for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

### IV. CONCLUSION

Based upon the foregoing analysis, the Complaint will be dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir.2002); *Borelli v. City of Reading,* 532 F.2d 950, 951–52 (3d Cir.1976). An appropriate Order will be entered.

### ORDER

NOW THEREFORE, at Wilmington this 16 day of April, 2008, IT IS HEREBY ORDERED that Plaintiff's Complaint is *DISMISSED* as frivolous and for failure to state a claim upon which relief may be

granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the Complaint would be futile. *See Alston v. Parker,* 363 F.3d 229 (3d Cir.2004); *Grayson v. Mayview State Hosp.,* 293 F.3d 103, 111 (3d Cir.2002); *Borelli v. City of Reading,* 532 F.2d 950, 951–52 (3d Cir.1976).