Mark Anthony BENDY, Sr., Appellant

v.

OCEAN COUNTY JAIL; Department of Corrections Medical Facility; Dr. Santangelo; Theodore Hutler, Jr., Warden; Clayton, c/o, OCJ; John Does, 1 through 9, OCJ McCaffery, Sgt., OCJ; Thatch ER, c/o, OCJ; Tonachio, c/o, OCJ.

No. 07–1421.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 21, 2008.

Filed July 22, 2009.

Scott A. Freling, Esq., Emily J. Henn, Esq., Covington & Burling, Washington, DC, for Appellant.

R. Scott Clayton, Esq., Berry, Sahradnik, Kotzas and Benson, Toms River, NJ, for Ocean County Jail; Department of Corrections Medical Facility; Dr. Santangelo; Theodore Hutler, Jr., Warden; Clayton, c/o, OCJ; John Does, 1 through 9, OCJ McCaffery, Sgt., OCJ; Thatch ER, c/o, OCJ; Tonachio, c/o, OCJ.

Before: BARRY, CHAGARES, Circuit Judges, and RESTANI, Judge.*

OPINION OF THE COURT

CHAGARES, Circuit Judge.

Mark Anthony Bendy, Sr., at the time a pretrial detainee held at the Ocean County Jail, filed an *in forma pauperis* civil rights action pursuant to 42 U.S.C. § 1983 in the United States District Court for the District of New Jersey against numerous defendants, including Dr. Donato Santangelo,

---

* The Honorable Jane A. Restani, Chief Judge, U.S. Court of International Trade, sitting by designation.

Warden Theodore Hutler, Sergeant James McCaffery, and seven unnamed prison officials (John Doe numbers 1–7), collectively the defendants. The District Court dismissed Bendy's amended *pro se* complaint for failure to state a claim. Bendy argues that the District Court failed to address his claim for First Amendment retaliation in connection with his filing of grievances and instituting legal action against the Ocean County Jail. We disagree and will affirm.

## I.

Because we write solely for the benefit of the parties, we will only briefly summarize the essential facts.

In his amended complaint, Bendy alleged that, on May 25, 2006, he contracted an eye infection, but was initially refused treatment in the prison medical facility because he did not have money to pay for such treatment. Bendy further alleged that, over the next eight days, he sent certified requests for medical treatment to John Doe numbers 1, 2, and 3, Captains at Ocean County Jail, and filed grievances complaining that he had not received necessary treatment. On June 1, 2006, at approximately 8:30 a.m., Bendy was seen by a prison nurse. Bendy alleged that he told the nurse that he planned to file.a lawsuit based upon the prison's failure to provide him with immediate medical treatment.[1] Bendy subsequently was seen and treated for his eye infection by a prison doctor.

Bendy alleged that approximately two hours after being treated by medical staff, John Doe number 4, a Captain at Ocean County Jail, made the decision to have Bendy moved to a segregated medical area. Bendy alleged that, when he was moved, John Doe numbers 5, 6, and 7, Corrections Officers at Ocean County Jail, "threatened [him] with serious bodily injury and used abusive language toward [him]." Appendix (App.) 35. Bendy further alleged that John Doe number 5 threw a shirt in his face and performed a strip search and cavity search on him. Bendy further alleged that Sergeant McCaffery ordered other prison officials to perform the cavity search, threatened Bendy with serious bodily injury, and yelled at him with abusive and offensive language. App. 31. In addition, during his six days in medical segregation, Bendy alleged he was confined to his cell for all but fifteen minutes per day, where he did not have access to television, radio, newspapers, books, or the law library.[2] Bendy alleged that when he inquired why he was moved into a segregated area, the nurse informed him that he had been placed in medical segregation "because you complained of not getting medical treatment," and that he "shouldn't have complained." App. 13.

## II.

The District Court reviewed Bendy's original complaint to "identify cognizable claims" or to dismiss the complaint or such portions thereof as are "frivolous" or "fail[ ] to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2). In a *sua sponte* opinion order, issued on June 28, 2006, 2006 WL 1867194, the District Court construed Bendy's inadequate medical

---

[1] In his original complaint, incorporated by reference into his amended complaint, Bendy also alleged that, on June 1, 2006, he "informed *them* that I *was* suing the jail for refusing medical attention for 8 days." App. 13 (emphasis added). This comment appears to have been made in a one-on-one conversation with a prison nurse—who is not a party to this lawsuit—not to the defendants.

[2] In his original complaint, Bendy alleged that his condition was contagious; in his amended complaint, Bendy contended it was not.

treatment claims as a challenge to the conditions of his pretrial detention. The court reviewed whether those allegations sufficiently stated a claim for "punishment prior to an adjudication of guilt." App. 20–21. The Court held that Bendy "alleged no facts indicating that he is being subjected to punishment as a pretrial detainee," and rather that Bendy was placed in the medical unit to complete treatment. App. 22.

The District Court permitted Bendy to amend his complaint to include facts which would indicate that his constitutional rights were violated. After Bendy amended his complaint, the District Court issued a second *sua sponte* order dismissing Bendy's "medical care claims." The District Court also dismissed what it construed as Bendy's claim for harassment under the Eighth Amendment, and a claim that he was denied access to the courts. The Court permitted a retaliation claim against Warden Theodore Hutler and Corrections Officer Joseph Thatcher based on a later incident, alleged to have taken place in mid-July 2006, to proceed. In a January 8, 2007, 2007 WL 87632, Opinion and Order, the District Court dismissed this retaliation claim alleged by Bendy against Hutler and Thatcher. Bendy does not appeal the District Court's dismissal of that claim.

Bendy's sole challenge on appeal is that his amended complaint made out a cognizable claim for First Amendment retaliation against defendants based on the June 2006 events and that the District Court erred in failing to consider that claim.

## III.

We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. Bendy timely appealed from the January 8, 2007, final order of the District Court disposing of this case. That order is the final, appealable order for both claims disposed of in that order, as well as all non-final orders and rulings previously issued by the District Court. *See Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 858 (3d Cir.1990).

We exercise plenary review over a district court's final order dismissing a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. §§ 1915(e) & 1915A. In doing so, "we take seriously our charge to construe pro se complaints nonrestrictively." *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir.2003) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

In considering a motion to dismiss under Rule 12(b)(6), a court is required to " 'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.' " *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir.2008) (quoting *Pinker v. Roche Holdings, Ltd.*, 292 F.3d 361, 375 n. 7 (3d Cir.2002)); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 n. 8, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). " [S]tating ... a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556, 127 S.Ct. 1955). In other words, the "[f]actual allegations [of the complaint] must be enough to raise a right to relief above the speculative level." *Id.* (quoting *Twombly*, 550 U.S. at 555, 127 S.Ct. 1955).

## IV.

To proceed on a retaliation claim, a prisoner must allege facts sufficient to show (1) that he engaged in constitutionally protected conduct; (2) an adverse action by prison officials which is sufficient to deter a person of ordinary firmness from exer-

cising his constitutional rights; and (3) a causal link between the exercise of his constitutional rights and the adverse action taken against him. *See Rauser v. Horn,* 241 F.3d 330, 333 (3d Cir.2001); *see also Allah v. Seiverling,* 229 F.3d 220, 225 (3d Cir.2000).

Bendy argues that he engaged in constitutionally protected conduct when he filed grievances with the prison and threatened a lawsuit to challenge the prison's failure to provide prompt medical treatment. App. 12, 13, 36. Arguably, Bendy has engaged in conduct protected by the First Amendment by filing grievances about the medical care he was receiving and by complaining to prison officials. *See Mitchell,* 318 F.3d at 530; *Allah,* 229 F.3d at 225; *Quinn v. Cunningham,* 879 F.Supp. 25, 27–28 (E.D.Pa.1995), *aff'd,* 85 F.3d 612 (3d Cir.1996). Nevertheless, we conclude that Bendy failed to allege facts sufficient to show a "causal link" between any exercise of his constitutional rights and the allegedly adverse actions of the defendants.

To state a claim for retaliatory treatment, "a complaint need only 'allege a chronology of events from which retaliation may be inferred.'" *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir.1994) (quoting *Murphy v. Lane,* 833 F.2d 106, 108 (7th Cir.1987)). Bendy failed to allege that defendants physically abused or assaulted him, threatened him, or confined him *in*

*retaliation for* his filing of grievances or taking other legal action. Rather, he alleged that a number of defendants "did not respond to my grievance for medical treatment" or "denied medical attention." App. 29–31. As to certain other defendants, Bendy set forth allegations of abusive language, threats of bodily injury, and physical abuse. Bendy failed to allege a connection between any of these instances and any filed grievances or other threatened legal action.

Bendy points to a temporal proximity between his conversation with a prison nurse, in which he informed her of the grievances he had filed and the lawsuit he planned to bring, and his subsequent transfer to medical segregation. Bendy further points to a statement, allegedly made by the prison nurse, that he had been transferred because he had "complained of not getting medical treatment," and that he "shouldn't have complained." App. 13. As the District Court reasoned, it appears from the facts alleged "that Plaintiff suffered an ailment and was treated," and that temporary segregation in the medical unit was part of that treatment. App. 22–23. We conclude that Bendy has alleged no facts indicating that the defendants retaliated against him for taking any constitutionally protected actions.[3]

**3.** By contrast, we note that, when Bendy intended to allege a claim of retaliation, he did so explicitly. For example, in a claim not a subject of this appeal, Bendy alleged that Corrections Officer Thatcher threatened to file a disciplinary charge against him *if* Bendy filed a grievance against him, and that Thatcher followed through with this threat by filing a disciplinary charge against Bendy and transferring him to a "segregated area of the jail." App. 36. The District Court found that Bendy alleged facts sufficient to state a claim for retaliation as to *only* Thatcher and Hutler. App. 53–54. Bendy asserted no objection in the District Court to this determination. In his opposition to Hutler and Thatcher's motion to dismiss the retaliation claim, Bendy stated, "[t]he disciplinary report in question was a retaliation to my filing a grievance against defendant Thatcher," and thus "violat[ed] my constitutional rights." Bendy made no such allegations against the defendants at issue here. We reject any attempt to recast his allegations on appeal. *See, e.g., Al-Zubaidy v. TEK Indus., Inc.,* 406 F.3d 1030, 1037 (8th Cir.2005) (stating that "we have no interest in allowing Al-Zubaidy to recast his cause of action on appeal to survive the district court's dismissal.").

## V.

For the foregoing reasons, we will affirm the judgment of the District Court in all respects.